## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

John Rollins                                              Civil Action 2:09-1156

versus                                                    Judge Tucker L. Melançon

State Farm Life Insurance Co.                             Magistrate Judge Hanna

### MEMORANDUM RULING AND ORDER

Before the Court is plaintiff John Rollins' Motion for Remand [Rec. Doc. 12] and defendant State Farm Life Insurance Company's opposition thereto [Rec. Doc. 14].  State Farm removed this action from the Thirty-eighth Judicial District for the Parish of Cameron, State of Louisiana on July 13, 2009 under 28 U.S.C. § 1332 (a).  *R. 1.*  On January 19, 2010, the magistrate judge assigned to this case conducted a Jurisdictional Amount Review and ruled that the requisite jurisdictional amount was established based on plaintiff's Petition.  *R. 11.*  The Petition alleges that State Farm insured plaintiff's property, a home, and all contents with the following coverage: 1) $81,000.00 for his dwelling; 2) $29,000.00 for other structures located on the covered property; and, 3) actual loss of use of the covered property for 12 months.  *R. 1.* The Petition further alleges that the covered property and all contents were "totally destroyed by Hurricane Ike," the home was "rendered uninhabitable" and that State Farm owes the extent of its policy limits as well as statutory damages and attorney's fees pursuant to LSA-R.S. 22:658 and 22:1220.  *Id.*

Plaintiff filed this motion to remand on May 26, 2010 stating that, "[f]ollowing discovery in this matter, it has been determined that the amount in controversy is less than the jurisdictional minimum required to establish subject matter jurisdiction."  *R. 12.*  Plaintiff attached an affidavit to the motion stating "he waives his rights to recover all other damages to which they [sic] may be entitled to against State Farm Insurance Company that exceeds [] $75,000.00, including

penalties and attorney's fees, and excluding interests and cost; and he further agrees that he will not seek in the future the enforcement of any judgment that is over [] $75,000.00, excluding interest and costs." *Id.*

The jurisdictional facts must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir.2000).  Although a court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time of removal, a court may not consider post-removal events in determining whether the amount in controversy is met. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 & n. 18 (5th Cir.1998).  A unilateral stipulation may, however, permit a remand in cases in which the stipulation is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal. *Marcel v. Pool Co.*,  5 F.3d 81, 85 (5th Cir. 1993);  *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) (In determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous.).

In this case,  the Court determined from the face of plaintiff's Petition that the jurisdictional amount was established at the time of removal.  *Greenberg*, 134 F.3d at 1253 (In determining the amount in controversy, the complaint is first examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount).  If the amount in controversy is clear from the face of the state court petition, as it is here, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction.  *St. Paul Mercury Indem. Co.*, 303 U.S. at 292; *Gebbia*, 233 F.3d at 883.

Plaintiff offers no explanation as to why it now believes that its claims are under $75,000, which is contrary to its Petition.  In its opposition, State Farm contends that plaintiff alleges the

Court no longer has subject matter jurisdiction as a result of conducting discovery. *R. 14.* If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co.* at 289. The "legal certainty" standard requires that plaintiff show state law operates to prevent recovery in excess of the federal jurisdictional amount or that plaintiff is "bound irrevocably" to recover an amount less than the federal jurisdictional amount. *See De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir.1995) (*Aguilar II*). Plaintiff has not provided the Court with evidence showing either.

The Court finds that the federal jurisdictional amount requirement is met in this case, and therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, it is

**ORDERED** that plaintiff's Motion For Remand [Rec. Doc. 12] is **DENIED.**

THUS DONE AND SIGNED at Lafayette, Louisiana this 21st day of June, 2010.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE